STATE OF WEST VIRGINIA

**FILED**

**February 4, 2016**
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**ERIC SMITH,**
**Claimant Below, Petitioner**

**vs.)   No. 14-1240** (BOR Appeal No. 2049598)
                    (Claim No. 2012029111)

**CITY OF SOUTH CHARLESTON,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Eric Smith, by Stephen P. New, his attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. City of South Charleston, by Matthew L. Williams, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated November 17, 2014, in which the Board affirmed a July 11, 2014, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges affirmed the claims administrator's December 3, 2013, decision to deny the request for a lumbar MRI. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Smith, a police officer for the City of South Charleston, injured his right ankle when he fell exiting a police cruiser on March 10, 2012. Mr. Smith then reported to Thomas Memorial Hospital. The impression was clinical abrasion to the left knee and sprained right ankle. Mr. Smith was instructed to apply ice intermittently, use crutches, and wear a splint. On March 26, 2012, the claims administrator held Mr. Smith's claim compensable for a right ankle sprain.

1

In August 2012, Mr. Smith was seen by John Jasko, M.D., a treating physician, for follow-up on his right ankle. Dr. Jasko found continued weakness in the right foot. Dr. Jasko pointed out that a nerve conduction study revealed significant abnormalities and active denervation in all sample muscles in the lower extremity. Dr. Jasko opined Mr. Smith should be referred to neurology as he did not believe he currently had an active orthopedic issue. He advised that Mr. Smith's symptoms appeared to be related to a progressive neurologic process. Dr. Jasko noted that Mr. Smith had significant weakness and instructed him to remain on light duty.

Sometime in late October or early November of 2012, Mr. Smith had an independent medical evaluation with Paul Bachwitt, M.D. Dr. Bachwitt opined that Mr. Smith had reached his maximum degree of medical improvement. Dr. Bachwitt noted that any current symptoms were not related to the compensable injury and were probably due to pre-existing conditions of the lower back. Mr. Smith was examined on February 14, 2013, by Sona Shah, M.D. Dr. Shah diagnosed Mr. Smith with generalized muscle weakness and thoracic or lumbosacral neuritis or radiculitis, unspecified. On February 21, 2013, Mr. Smith submitted a re-opening application for temporary total disability benefits because there was an aggravation or progression of his condition. Mr. Smith also alleged that there were facts or factors pertaining to the disability that were not previously considered.

A March 6, 2013, report prepared by Dr. Shah indicated a decreased sensation and strength in the right lower extremity as well as decreased range of motion in the right ankle. Dr. Shah noted the symptoms had progressed to the point that Mr. Smith requires the aid of a crutch to ambulate short distances. Dr. Shah opined that Mr. Smith was unable to meet the multiple physical requirements of a police officer. On March 21, 2013, Mr. Smith had an independent medical evaluation by Constantino Y. Amores, M.D. Dr. Amores diagnosed lumbar radiculopathy, right etiology undetermined, and obesity. He found Mr. Smith had not reached his maximum degree of medical improvement and recommended an MRI of the lumbar spine to rule out pre-existing conditions. He also opined that this pre-existing condition may have made his right leg and foot slow in responding when he got out of the vehicle. By Order dated April 15, 2013, the claims administrator denied reopening of the claim for temporary total disability benefits based upon Dr. Bachwitt's October 30, 2012 report.

On June 18, 2013, Mr. Smith had an independent medical evaluation by Bruce Guberman, M.D. Dr. Guberman found Mr. Smith to be at his maximum medical improvement and recommended no further treatment and/or diagnostic testing. On December 3, 2013, the claims administrator denied the request to authorize payment for a lumbar MRI based upon Dr. Bachwitt's October 30, 2012, report, which found Mr. Smith had reached his maximum degree of medical improvement. Mr. Smith had an independent medical evaluation on January 6, 2014, by Jerry Scott, M.D. Dr. Scott diagnosed a right ankle sprain. He opined that the lumbar radiculopathy was a non-compensable condition and found no indication that twisting ones ankle would result in lumbar radiculopathy. He found that Mr. Smith had reached his maximum degree of medical improvement. Dr. Scott noted that while Mr. Smith may benefit from neurological consultation he could find no evidence that the neurological conditions were secondary to this claim.

The Office of Judges found that the lumbar MRI was not medically related or reasonably required to treat Mr. Smith's ankle sprain. The Office of Judges noted that the only accepted diagnosis of the claim was a sprain of the ankle. The Office of Judges further found that the evidence of record establishes that since the injury, Mr. Smith has been experiencing numbness, loss of sensation, and muscle weakness in his right lower extremity below the knee. The Office of Judges found that the right lower leg symptoms were due to lumbar radiculopathy and not the compensable ankle sprain. The Office of Judges noted that the nerve conduction study performed on August 21, 2012, revealed electrophysiologic evidence consistent with severe right lumbosacral polyradiculopathy affecting many levels. There was evidence of involvement of at least the L4, L5, and S1 levels. Involvement at other levels could not be excluded. The Office of Judges also noted the nerve conduction study conducted on November 9, 2012, revealed no peripheral neuropathy. The notion that the lumbar radiculopathy was not caused by the ankle injury was further supported by the independent medical evaluations of Dr. Bachwitt and Dr. Scott. The Board of Review adopted the findings of the Office of Judges and affirmed its Order.

We agree with the Office of Judges and Board of Review. The MRI was likely requested because of Mr. Smith's probable lumbar radiculopathy. This claim has not been held compensable for lumbar radiculopathy. Because the need for an MRI is in no way related to his compensable ankle sprain, it was proper for the Office of Judges and Board of Review to deny authorization for the MRI.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED: February 4, 2016**

**CONCURRED IN BY:**
Chief Justice Menis E. Ketchum
Justice Robin J. Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Allen H. Loughry II